UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
UNITED STATES OF AMERICA,

      - against -

JOSHUA SOSA,                   17 CR 580 (NRB)
    a/k/a "Sos,"
    a/k/a "Sos the Ghost,"      **MEMORANDUM AND ORDER**

            Defendant.
--------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Before the Court is defendant Joshua Sosa's motion to suppress all evidence obtained from two allegedly improper identification procedures that the New York City Police Department ("NYPD") used with (1) the victim of a drive-by shooting that occurred on the morning of July 21, 2018 (the "Victim"), and (2) an individual who rented a car that was allegedly associated with the shooting (the "Renter"). Notice of Mot. to Suppress, May 23, 2018, ECF No. 19; Def.'s Mem. of Law, May 23, 2018, ECF No. 21. Alternatively, defendant requests a pre-trial evidentiary hearing to assess the suggestiveness of these identification procedures and the independent bases for reliability of the identifications at issue. Notice of Mot. to Suppress, May 23, 2018, ECF No. 19. For the following reasons, both the motion to suppress the

identification evidence and the request for a pre-trial evidentiary hearing are denied.

## I.   **BACKGROUND**

Defendant was charged by indictment with knowingly using and carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii), and (iii), and 924(c)(2), and possession of ammunition after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1).   Indictment, Sept. 21, 2017, ECF No. 7.   The government alleges that defendant possessed the firearm and ammunition in connection with a drive-by shooting that occurred on Friday July 21, 2017 at approximately 10:45 a.m. on 124th Street between First and Second Avenues in Manhattan.   Compl. ¶ 3, July 25, 2017, ECF No. 1.

Defendant allegedly shot the Victim in the arm, chest, and leg.   Id.   According to the Complaint, defendant had known the victim for approximately a year and had fought with the defendant a few days before the shooting.   Id.   In his initial interview with the police, the Victim stated that the shooter was an unknown Hispanic male.   Affidavit of Rita M. Glavin in Support of Defendant Joshua Sosa's Motion to Suppress ("Glavin Aff.") Ex. 2, May 23, 2018, ECF No. 20-2.   At approximately 3:30 p.m. the same day, the Victim told the police that the shooter was "Sosa" from the Jefferson Houses, a Hispanic male who had

been wearing black shorts and a white shirt.  Glavin Aff. Ex. 4, May 23, 2018, ECF No. 20-4.

The police recovered a rental agreement from the car believed to be used for the shooting that indicated that the car had been rented to the Renter on July 19, 2017 in Fort Lee, New Jersey.  Compl. ¶ 5.  Police interviewed the Renter on the evening of July 21, 2017, the same day that the shooting occurred.  Glavin Aff. Ex. 5, May 23, 2018, ECF No. 20-5.  At first, the Renter told police that the car had been stolen from him two days before the shooting.  Compl. ¶ 6.  The Renter subsequently stated that he and an individual named "Sos" went to the rental car company together, the Renter rented the car in his name, and then provided the keys to "Sos."  Id.  The Renter told police that he had known "Sos" for a number of years prior. Id.  Police officers showed the Renter a photograph of the defendant and the Renter identified the defendant as the person for whom he had rented the car.  Id.; Glavin Aff. Ex. 5, May 23, 2018, ECF No. 20-5.  Later that evening, two police officers showed the Victim a single photograph of the defendant, and the Victim confirmed that it was a picture of the man who shot him. Compl. ¶ 3; Glavin Aff. Ex. 5, May 23, 2018, ECF No. 20-5.

Defendant now challenges the identification procedures used by the NYPD as unduly suggestive, and argues that any evidence obtained as a result of these procedures should be suppressed,

including any in-court identification of the defendant by the Victim or the Renter.

## II.   DISCUSSION

### A. Suppression of Identification Evidence

"The Constitution . . . protects a defendant against a conviction based on evidence of questionable reliability, not by prohibiting introduction of the evidence, but by affording the defendant means to persuade the jury that the evidence should be discounted as unworthy of credit." Perry v. New Hampshire, 565 U.S. 228, 237 (2012). "Only when evidence 'is so extremely unfair that its admission violates fundamental conceptions of justice,' have we imposed a constraint tied to the Due Process Clause." Id. (quoting Dowling v. United States, 493 U.S. 342, 352 (1990) (internal quotation marks omitted)).

"[D]ue process concerns arise only when law enforcement officers use an identification procedure that is both suggestive and unnecessary." Id. at 238-39 (emphasis added). Even then, the Supreme Court has rejected a per se exclusionary rule, and instead "requires courts to assess, on a case-by-case basis, whether improper police conduct created a 'substantial likelihood of misidentification.'" Id. at 239 (quoting Neil v. Biggers, 409 U.S. 188, 201 (1972)). "Reliability of the eyewitness identification is the linchpin of that evaluation." Id. "Where the indicators of a witness' ability to make an

accurate identification are outweighed by the corrupting effect of law enforcement suggestion, the identification should be suppressed. Otherwise, the evidence (if admissible in all other respects) should be submitted to the jury." Id. (internal quotation marks and citation omitted). The factors affecting reliability include "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation." Sexton v. Beaudreaux, 138 S. Ct. 2555, 2559 (2018) (quoting Manson v. Brathwaite, 432 U.S. 98, 114 (1977)). "In sum, the identification evidence will be admissible if (a) the procedures were not [unnecessarily] suggestive or (b) the identification has independent reliability." Brisco v. Ercole, 565 F.3d 80, 88 (2d Cir. 2009) (quoting Raheem v. Kelly, 257 F.3d 122, 133 (2d Cir. 2001)).

While courts in this Circuit have "consistently condemned the exhibition of a single photograph as a suggestive practice," Wiggins v. Greiner, 132 F. App'x 861, 865 (2d Cir. 2005) (quoting Mysholowsky v. People, 535 F.2d 194, 197 (2d Cir. 1976)), these same courts routinely admit identifications that are obtained by the use of suggestive procedures where there is an independent basis for reliable identification. That

independent basis may derive solely from the witness's observation of the crime. See, e.g., id. ("[The eyewitness's] opportunity to view the murderer from a distance of only fifty feet with the benefit of streetlight illumination was sufficient to afford him an independent basis for a reliable identification."); United States v. Wong, 40 F.3d 1347, 1360 (2d Cir. 1994) (finding that a witness who ducked under a table during a shooting at a restaurant and observed the gunman for two to three seconds could make an independently reliable identification of the suspect). The independent basis may also derive from the witness's past relationship with the defendant. See, e.g., Wiggins, 132 F. App'x at 865 ("[The witness's] independent ability to identify [the defendant] was demonstrated in an even more convincing manner [than providing a detailed physical description of the murderer]: he provided his name."); United States v. Estupinan-Jamarillo, No. 08-CR-320 (JFK), 2009 WL 3049618, at *2 (S.D.N.Y. Sept. 23, 2009) ("[The witness's] identification of Defendant bears a hallmark of reliability: [the witness] has known Defendant since childhood and is therefore unlikely to have identified him mistakenly.").

Here, the Court finds that there has been a sufficient showing that both the identification by the Victim and the identification by the Renter are independently reliable. First, the Victim witnessed the crime. As discussed above, this alone

is "an independent basis for a reliable identification." Wiggins, 132 F. App'x at 865. Further, the Victim informed police that he has known the defendant for over a year and had engaged in a fight with the defendant days prior to the shooting. Compl. ¶ 3. With respect to the Renter's identification, the Renter told police that he has known the defendant for a number of years and rented the car involved in the shooting at the request of the defendant. Compl. ¶ 5. The Renter also told police that he was accompanied by the defendant when he went to Fort Lee, New Jersey to obtain the rental car and that the Renter subsequently provided the keys of the rental car to the defendant. Id. The Victim and the Renter's respective relationships with the defendant, as well as their opportunity to witness the defendant's actions in furtherance of the alleged criminal activity, provide sufficient independent bases for reliability of the identifications.

We therefore decline to grant defendant's motion to suppress the identification evidence.

**B. Wade Hearing**

The defendant requests, in the alternative, that the Court exercise its discretion and hold a pre-trial evidentiary hearing to aid in its assessment of whether the identifications were obtained pursuant to impermissibly suggestive procedures and without independent bases for reliability (a so-called "Wade

7

hearing"). _See_ _United States v. Wade_, 388 U.S. 218 (1967); _see also_ _United States v. Finley_, 245 F.3d 199, 203 (2d Cir. 2001) (reviewing a district court's decision not to hold an evidentiary hearing for abuse of discretion). The Supreme Court has made clear that there is no _per se_ rule requiring a _Wade_ hearing to determine the admissibility of identification evidence, _see_ _United States v. Archibald_, 734 F.2d 938, 940 (2d Cir.) (citing _Watkins v. Sowders_, 449 U.S. 341, 349 (1981)), and where the government makes a sufficient showing that the identification is independently reliable, motions for pre-trial _Wade_ hearings should be denied. _See_ _United States v. Salomon-Mendez_, 992 F. Supp. 2d 340, 342-43 (S.D.N.Y. 2014) ("Both defendants' motions for a pre-trial identification hearing should be denied for the additional reason that the government has made a sufficient showing that the in-court identifications it seeks to have admitted at trial are independently reliable.").

For the reasons discussed above, the Court finds that the government has made a sufficient showing that the identifications of the Victim and the Renter are independently reliable. While defendant's counsel calls into question the government's failure to present affidavits from the witnesses and states in a footnote that the "defense does not concede" that the Victim or the Renter had a prior relationship with the

defendant, Def.'s Reply Mem. of Law n.6, July 19, 2018, ECF No. 25, defendant has not proffered any evidence actually disputing the material facts represented by the government demonstrating that the identifications are independently reliable. See United States v. Ahmad, 992 F. Supp. 682, 685 (S.D.N.Y. 1998) ("A party seeking to raise a factual issue to be determined at a hearing must submit admissible evidence which, if credited, would make out a *prima facie* case on the issue. This in turn requires that the issue ordinarily be raised by an affidavit of a person with personal knowledge of the facts."). Further, the government is not required to submit affidavits to make a sufficient showing that identifications are independently reliable, and indeed courts often rely on the representations of the government in denying requests for Wade hearings. See, e.g., Salomon-Mendez, 992 F. Supp. at 342–43 (S.D.N.Y. 2014) (relying on the government's representation that an identifying witness had a prior relationship with the defendant in denying a motion for a Wade hearing); United States v. Berganza, No. S(4) 03 CR. 987 (DAB), 2005 WL 372045, at *10 (S.D.N.Y. Feb. 16, 2005) ("The Government's representations to the Court [including the representation that any identifying witnesses will have had an ongoing relationship with the defendant] make it clear that it is not necessary for the Court to hold a Wade hearing at this time.").

The Court therefore denies defendant's request for a pre-trial evidentiary.

### III.   CONCLUSION

For the foregoing reasons, we deny defendant's motion to suppress identification evidence, and further deny defendant's request for a pre-trial evidentiary hearing.   A subsequent criminal conference for the defendant is hereby scheduled for October 3, 2018 at 4:00 P.M.   Speedy trial time is excluded until October 3, 2018.   We grant the continuance because we find that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial.   The granting of such a continuance will enable the defendant and his counsel to consider the Court's decision and determine the course of action that they wish to take going forward.

**SO ORDERED.**

Dated:     New York, New York
           September 12, 2018

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

10