```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

     - against -
                                          17 CR 580 (NRB)
JOSHUA SOSA,
     a/k/a "Sos,"                        MEMORANDUM AND ORDER
     a/k/a "Sos the Ghost,"

                    Defendant.
----------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Presently before the Court is defendant Joshua Sosa's motion to suppress all evidence obtained as a result of searches of an LG phone (the "LG Phone") and an Apple iPhone 7 (the "iPhone") (together, the "Phones") seized from defendant at the time of his arrest, or, in the alternative, for an evidentiary hearing to resolve (1) the significance of the omission of certain facts from the warrant to search the LG Phone and (2) the reasonableness of the searches of both Phones.  Notice of Mot. to Suppress, Feb. 25, 2019, ECF No. 35; Def.'s Reply Br. at 1, Mar. 19, 2019, ECF No. 43.  For the following reasons, both the motion to suppress evidence and the request for a pre-trial evidentiary hearing are denied.

## I. BACKGROUND[1]

The Court assumes familiarity with its Memorandum and Order dated September 12, 2018 and the factual background of the case described therein. Briefly, the government alleges that defendant possessed a firearm and ammunition in connection with a drive-by shooting that he perpetrated on the morning of July 21, 2017. The government commenced this criminal prosecution by complaint on July 25, 2017 and defendant was arrested on August 8, 2017. Law enforcement officers seized both the LG Phone and the iPhone from the defendant at the time of his arrest. Defendant was subsequently charged in a two-count indictment with knowingly using and carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), and (iii), and 924(c)(2), and possession of ammunition after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1).

On November 2, 2017, the Government applied for a warrant to search the LG Phone (the "LG Warrant Application"), which included an affidavit from an investigator with the United States Attorney's Office (the "LG Phone Affidavit"). According to the LG Phone Affidavit, an individual (the "Renter") informed law enforcement that he and defendant had communicated via

---

[1] The following background is derived from the complaint, indictment, and this motion's briefing papers, as well as the Affidavit of Rita M. Glavin in Support of Defendant Joshua Sosa's Motion to Suppress ("Glavin Aff."), Feb. 25, 2019, ECF No. 37, and attached exhibits.

2

direct messages on Instagram regarding the rental of the vehicle used in the shooting, and that the two had also communicated with each other in the days following the shooting. The Renter deleted these and other Instagram direct messages from his account before proffering with the government. The affiant investigator averred that "[b]ased on [his] training an experience, and [his] involvement in investigations that involve the use of social media platforms, such as Instagram, [he is] aware that individuals use Instagram on their cellphones." Glavin Aff. Ex. 3 at ¶ 11, ECF No. 37-3. Additionally, the LG Phone Affidavit included paragraphs describing defendant's use of a phone number ending in "3707" (the "3707 Number") to communicate with various individuals. The Court granted the LG Warrant Application on November 2, 2017, authorizing the government to execute the warrant (the "LG Warrant") on or before November 16, 2017. The government extracted the contents of the LG Phone on two occasions: November 9, 2017 and March 21, 2018.

On March 29, 2018, shortly after the second extraction of the LG Phone, the government applied for a warrant to search the iPhone (the "iPhone Warrant Application"). The affidavit in support relied in part on information obtained from the prior search of the LG Phone. The Court granted the iPhone Warrant Application on March 29, 2018, authorizing the government to

3

execute the warrant (the "iPhone Warrant") on or before April 12, 2018. The contents of the iPhone were extracted on April 25, 2018.

Responsive materials from both Phones were produced to the defense on February 5, 2019.

## II. DISCUSSION

### A. Probable Cause to Search the Phones

To protect against unreasonable searches and seizures, the Fourth Amendment states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. While "probable cause is a fluid concept — turning on the assessment of probabilities in particular factual contexts — not readily, or even usefully, reduced to a neat set of legal rules," Illinois v. Gates, 462 U.S. 213, 232 (1983), it is generally understood that "probable cause to search is demonstrated where the totality of circumstances indicates a 'fair probability that contraband or evidence of a crime will be found in a particular place.'" Walczyk v. Rio, 496 F.3d 139, 156 (2d Cir. 2007) (quoting Gates, 462 U.S. at 238).

Moreover, "[i]n dealing with probable cause, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of

4

everyday life on which reasonable and prudent men, not legal technicians, act." Gates, 462 U.S. at 231 (quoting Brinegar v. United States, 338 U.S. 160, 165 (1949). As such, at its core a probable cause determination is "a practical, common-sense decision." Id., 462 U.S. at 238.

Defendant challenges the Court's probable cause determination as to the LG Phone on two grounds. First, he argues that the LG Warrant Application failed to allege facts connecting the relevant Instagram communications with the LG Phone, instead "rel[ying] heavily upon the affiant investigator's generalized professional experience that individuals use Instagram on their cellphones." Mem. of Law in Supp. of Def.'s Mot. to Suppress at 6, ECF No. 36. In so arguing, defendant ignores the practical realities of how users are likely to engage with social media platforms such as Instagram. It is not only consistent with the affiant investigator's experience but also common sense that these communications - which included messages in which the Renter and defendant coordinated the acquisition of the drive-by vehicle - would be found on a mobile phone in possession of defendant at the time of his arrest. And the mere fact that the LG Warrant Application relied on practical considerations and law enforcement's expertise as one of the links in the chain connecting the subject property to the alleged criminal activity

5

does not vitiate this Court's probable cause finding. See United States v. Gayle, No. 08 CR 1244, 2009 WL 4667093, at *2 (S.D.N.Y. Dec. 8, 2009) ("[E]stablishing a sufficient nexus between the alleged criminal activities and the premises to be searched 'does not require direct evidence and may be based on reasonable inference from the facts presented based on common sense and experience.'" (quoting United States v. Singh, 390 F.3d 168, 182 (2d Cir. 2004) (internal quotation marks omitted))); see also United States v. Fama, 758 F.2d 834, 838 (2d Cir. 1985) ("A number of [courts] have ruled that an agent's expert opinion is an important factor to be considered by the judge reviewing a warrant application."). Accordingly, the Court has little trouble concluding that there was probable cause to search the LG Phone on this basis.

Second, defendant argues that the evidence obtained from the LG Phone should be suppressed because of the government's alleged failure to disclose that (1) law enforcement agents had seized a second phone (the iPhone), and (2) the 3707 Number described in the LG Warrant Application was associated with the iPhone, not the LG Phone. Because neither the existence of the iPhone nor defendant's use of the 3707 Number had any bearing on the affiant's testimony with respect to the Instagram communications described supra, "there remains a residue of independent and lawful information sufficient to support

probable cause" even after stripping the LG Affidavit of the allegedly misleading statements. United States v. Ferguson, 758 F.2d 843, 849 (2d Cir. 1985); see also United States v. Canfield, 212 F.3d 713, 717–18 (2d Cir. 2000) (requiring that a defendant seeking suppression show, inter alia, that "the alleged falsehoods or omissions were necessary to the [issuing] judge's probable cause finding." (quoting United States v. Salameh, 152 F.3d 88, 113 (2d Cir. 1998))); Salameh, 152 F.3d at 113 (requiring defendant to make a "substantial preliminary showing" of the same to be entitled to a hearing). We therefore deny both defendant's motion to suppress on this ground and his request for a hearing to assess the significance of the alleged omissions.[2]

**B. Searches of the Phones**

"The touchstone of the Fourth Amendment is reasonableness." United States v. Knights, 534 U.S. 112, 118 (2001). Although searches performed pursuant to a warrant, like those here, "will rarely require any deep inquiry into reasonableness," United States v. Ganias, 824 F.3d 199, 209 (2d Cir. 2016) (en banc) (quoting United States v. Leon, 468 U.S. 897, 922 (1984)), "the reasonableness of government conduct in executing a valid warrant [] can present Fourth Amendment issues." Id.

---

[2] Because we hold that the search of the LG Phone was supported by probable cause, we necessarily conclude that the iPhone Warrant Application did not improperly rely upon evidence obtained from that search.

7

Here, defendant complains that the government failed to complete its searches within a reasonable period of time. "There is no established upper limit as to when the government must review seized electronic data to determine whether the evidence seized falls within the scope of a warrant." United States v. Metter, 860 F. Supp. 2d 205, 215 (E.D.N.Y. 2012). Defendant cites readily distinguishable precedent[3] for the proposition that delays in certain circumstances can be constitutionally infirm, but neglects to explain how either of the government's searches in this case - which took, respectively, 15 months (the LG Phone) and 10 months (the iPhone) to complete - are prima facie evidence of unreasonableness or resulted in any prejudice to the defendant. While the reasons for the delays here are not made explicit in the record, the most logical (and fairly obvious) explanation is one of resource allocation. Given that the searches were executed pursuant to valid warrants, commenced shortly after execution, and completed nearly three months prior to defendant's scheduled trial (and mere weeks after plea negotiations between defendant and the government broke down),

---

[3] See, e.g., Metter, 860 F. Supp. 2d at 215 (E.D.N.Y. 2012) (finding that the government's retention of electronic data seized pursuant to a warrant for fifteen-months without beginning any review "unreasonable and disturbing"); Ganias, 755 F.3d 125, 135 (2d Cir. 2014) (concluding that the government's retention of non-responsive files for two-and-a-half years was unreasonable, but taking no issue with the government's 13-month initial review of the files to determine their responsiveness).

8

we find the searches within the bounds of reason and decline to suppress evidence on account of the pace at which they were performed. See, e.g., United States v. Jarman, 847 F.3d 259, 267 (5th Cir. 2017) (observing that courts have held that "a delay of several months or even years between the seizure of electronic evidence and the completion of the government's review of it is reasonable." (citation and alterations omitted)). Nor will we grant defendant an evidentiary hearing so that he may go on a fishing expedition for indicia of unreasonableness.

Defendant next argues that, because the iPhone was already in the possession of the government when the search warrant was issued and an extraction did not occur until April 25, 2018, the iPhone Warrant was never properly executed pursuant to Federal Rule of Criminal Procedure 41 prior to its expiration on April 12, 2018. While Rule 41(e)(2)(A)(i) provides that a warrant must command an authorized officer to execute it "within a specified time no longer than 14 days," warrants seeking electronically stored information "are deemed executed when the electronically stored information is seized and brought within the government's control, rather than when the information is analyzed by the government." United States v. Carrington, 700 F. App'x 224, 232 (4th Cir. 2017) (citing Rule 41(e)(2)(B)). "In other words, an initial seizure of [defendant's] phone after

the 14-day expiration period would have contravened the terms of the warrant — but that is not what happened here, where the phone already was in government custody pursuant to a lawful seizure." Id. (rejecting motion to suppress fruits of the government's search of defendant's phone, where law enforcement was already in possession of the phone at the time a warrant was issued and did not search the device until six months after the warrant expired); see also United States v. Huart, 735 F.3d 972, 974 (7th Cir. 2013) (observing in dicta that a warrant for electronically stored information on a cell phone was executed for purposes of Rule 41 when the cell phone was seized by law enforcement, which occurred nearly four months prior to the date of the search warrant).

Moreover, the subsequent extraction of the iPhone data beyond the 14 days set forth in the warrant is entirely consistent with and specifically contemplated by Rule 41. See Fed. R. Crim. P. 41(e)(2)(B), 2009 Advisory Committee Notes ("This rule acknowledges the need for a two-step process: officers may seize or copy the entire storage medium and review it later to determine what electronically stored information falls within the scope of the warrant.").[4] Because the warrant was properly executed and the search performed after its

---

[4] For this reason, and because the search was performed within a reasonable period of time, we also reject defendant's bare assertion that the government violated the Fourth Amendment in extracting the contents of the LG Phone a second time on March 21, 2018.

expiration was lawful, the Court denies defendant's motion to suppress on that ground and further denies his corresponding request for a hearing.[5]

### III. CONCLUSION

For the foregoing reasons, we deny defendant's motion to suppress all evidence obtained as a result of the seizures and searches of the Phones, and further deny defendant's request for a pre-trial evidentiary hearing. The parties are reminded that motions in limine should be fully briefed and filed with the Court by April 15, and proposed voir dire and requests to charge should be filed by April 17.

**SO ORDERED.**

Dated: New York, New York
April 4, 2019

*[signature]*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[5] Even if the Court were to credit defendant's too-clever-by-half reading of Rule 41(e)(2)(B), "suppression would not be the appropriate remedy because there was no prejudice to the defendant by the delay, and there is no evidence of any intentional and deliberate disregard of any provision of Rule 41." United States v. Alston, No. 15 CR. 435 (CM), 2016 WL 2609521, at *4 (S.D.N.Y. Apr. 29, 2016).