```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,

         - against -                          MEMORANDUM AND ORDER

JOSHUA SOSA,                                  17 Cr. 580 (NRB)

              Defendant.
----------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Defendant Joshua Sosa pled guilty to the charge of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), which was a lesser-included offense of the charge against him in Count One of the indictment. The Court imposed a sentence of 60 months' imprisonment, of which defendant has served approximately 36 months. See ECF No. 71. Defendant now moves for compassionate release from FCI Fort Dix, citing the health risk posed by the COVID-19. For the following reasons, defendant's motion is denied.

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which permits a court to "reduce [a] term of imprisonment" if, after considering the factors set forth in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a consideration . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C § 3582(c)(1)(A). A court may reduce a defendant's sentence under Section 3582(c)(1)(A)(i)

only "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3553(c)(1)(A).[1]  As the movant, defendant bears the burden of showing that his release is justified under Section 3582(c)(1)(A). See United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992).

Defendant cites a pre-existing health condition of asthma and the conditions at FCI Fort Dix as the bases for his release. First, defendant's pre-existing health condition does not constitute an extraordinary and compelling basis.  CDC has identified that "[h]aving moderate-to-severe asthma may increase [one's] risk for severe illness from COVID-19."  See People of Any Age with Underlying Medical Conditions Who Is at Increased Risk for Severe Illness, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html  (last

---

[1]  It is unclear whether a lawyer's submission on behalf of a prisoner satisfies the exhaustion requirement under Section 3582(c)(1)(A), and the parties debate whether defendant Sosa himself has failed a request for compassionate release to the warden of the FCI Fort Dix.  However, we need not resolve the exhaustion issue because the defendant motion should be denied on other grounds.

2

updated July 17, 2020).  However, defendant has failed to show that he is suffering from asthma at such a level as to warrant a finding that his condition constitutes an extraordinary and compelling basis for release.  The BOP medical records submitted by defendant reflects that, while he suffered from childhood asthma, now that he is 33 years old, it has been inactive in recent years.  Defendant's statements to the physicians, as reflected in the medical records, indicate that the defendant used an inhaler only once in every couple of years.  Nor do those records indicate the history of any serious attacks, such as ones requiring hospitalization.  Moreover, the latest clinical encounter report reflects a physician's evaluation that "[a]sthma is well controlled."  See Def.'s Motion for Compassionate Release, Ex. E (ECF No. 76-5) at 2.  Under the circumstances, defendant's asthma does not constitute an extraordinary and compelling reason to release him.  Second, defendant's argument based on the conditions at FCI Fort Dix provides little, if any, support.  The BOP online record indicates that, as of today, there is no active COVID-19 case among the inmates and the staffs at the FCI Fort Dix.  See https://www.bop.gov/coronavirus/.  Defendant claims that "there is good reason to suspect [the BOP's] COVID-19 numbers are artificially low given the lack of testing at BOP facilities," citing a couple of news articles detailing the COVID-related situations in the FCI Fort Dix.  However, those articles were

3

published in May 2020, and defendant does not provide any concrete evidence to support this contention.[2]

Even were we to assume that the defendant's pre-existing health condition and the current conditions at the FCI Fort Dix in combination constituted a sufficient basis under Section 3582(c)(1)(A)(i), which they did not, the application of the factors set forth in 18 U.S.C. § 3553(a) would still counsel against release.[3]  Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense" and "to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(1), (a)(2)(A).  The offense for which defendant is incarcerated arose from his possession of firearm in connection with distribution of marijuana.  See Transcript for the Change of Plea Hearing on April 19, 2019 (ECF No. 66) at 12.[4]  The crime

---

[2]   Defendant's argument based on the overall increase in the number of COVID-19 cases within New Jersey and across the country is irrelevant given the current measures taken by the BOP.

[3]   "[A] court confronted with a compassionate release motion is still required to consider all the Section 3553(a) factors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." United States v. Gotti, No. 02 Cr. 743-07 (CM), 2020 WL 497987, at *2 (S.D.N.Y. Jan. 15, 2020).

[4]   The parties dispute which underlying facts of the defendant's offense conduct can be considered in resolving this motion.  We do not address this issue because this motion can be resolved by solely relying on the facts as admitted by defendant himself at the change of plea hearing.

4

committed by defendant is a serious one that has a direct impact on the public and carries a risk of violence. Given the nature of the defendant's offense, the Court concludes that consideration of Section 3553(a) factors would not warrant any reduction of sentence.

For the foregoing reasons, the Court denies defendant Sosa's motion. This Memorandum and Order resolves the ECF Docket Entry No. 76.

**SO ORDERED.**

Dated:   New York, New York
         August 7, 2020

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE